UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DERRICK BARNES, *pro se*,                              :
                                                       :
                            Petitioner,                :
                                                       :       **MEMORANDUM AND ORDER**
                 -against-                             :       08-CV-2374 (DLI)
                                                       :
JAMES T. CONWAY,                                       :
                                                       :
                            Respondent.                :
----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

In the instant action, *pro se* petitioner Derrick Barnes ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court construes the petition and supporting memoranda of law as raising several claims.[1] For the reasons set forth more fully below, the petition is denied in its entirety.

## BACKGROUND

Between April 19, 2002 and April 30, 2002, Petitioner used another individual's ATM card several times to fraudulently withdraw over $15,000. (Reply Aff. at 1.) On May 20, 2002, Petitioner attempted to steal, at gunpoint, an automobile owned by Lillian Ramos-Ortiz, demanding that she handover her keys. (Reply Aff. at 2.) At the time, Ms. Ramos-Ortiz was carrying her one-year-old daughter and when she refused and attempted to run away, Petitioner fired a handgun at Ms. Ramos-Ortiz, injuring her in her left hip. (*Id.*) Petitioner fled from the

---

[1] Petitioner filed the instant *pro se* petition seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. As a *pro se* litigant, petitioner's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court will interpret the petition and supporting memoranda of law "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

scene but was promptly apprehended by New York City police officers who were on patrol in the area. (*Id.*)

As a result of the shooting and attempted robbery, Petitioner was indicted by a state grand jury and charged with Attempted Murder in the First Degree (N.Y. Penal Law §§ 110.00, 125.27[vii]) and several related offenses. (Reply Aff. at 2-3.) In a separate indictment, for the fraudulent ATM withdrawals, Petitioner was separately indicted by a state grand jury and charged with several additional offenses including Grand Larceny in the Third Degree (N.Y. Penal Law § 155.35). (Reply Aff. at 3.)

On February 21, 2002, under the advice of counsel, Petitioner pled guilty to Attempted Murder in the First Degree to cover one indictment and Grand Larceny in the Third Degree to cover his second indictment. (*See* Def. Mot. to Vac. at 16-17.) Petitioner's counsel had originally informed Petitioner that he would receive a fifteen-year determinate sentence of imprisonment on the Attempted Murder in the First Degree that would run concurrently with an indeterminate sentence of one to three years of imprisonment for the Grand Larceny. During the plea allocution, the court informed Petitioner that Attempted Murder in the First Degree—a Class A1-felony—actually carried a minimum sentence of fifteen years to life imprisonment. (*See id.*) On April 2, 2003, the court sentenced Petitioner to fifteen years to life imprisonment for the Attempted Felony Murder charge and one to three years imprisonment for the Grand Larceny charge, which sentences were to run concurrently. (Reply Aff. at 4.) As a condition of his plea, Petitioner waived his right to appeal. (Reply Aff. at 3-4.)

On May 5, 2005—over two years after his sentencing date—Petitioner filed a *pro se* motion to vacate his conviction under New York Criminal Procedure Law § 440.10. The motion to vacate claimed that: (1) he received ineffective counsel, (2) he was not informed of his right to

appeal, (3) the court coerced his plea, and (4) he received an illegal sentence. (*See* Def. Mot. to Vac. at 3-4.)

On March 29, 2006, the trial court denied Petitioner's motion to vacate. *People v. Barnes*, Indict. Nos. 3380/02, 6963/02, at 15 (Sup. Ct. Kings Co., Mar. 29, 2006). With respect to his ineffective assistance of counsel claim, the court held that because Petitioner "knowingly, voluntarily and intelligently waive[d] the right to appeal" and as this claim did "not relate to the voluntariness of the plea," this claim was barred procedurally by Petitioner's "plea and waiver of appeal." *Id.* at 6-7. The court further held that the claim lacked merit. *Id.* at 8-14. As to Petitioner's claim that he was uninformed of his right to appeal, the court held that this claim was procedurally barred under N.Y. Crim. Proc. Law § 440.10(2)(c) because the "necessary facts" were on the record and could have been raised on appeal. *Id.* at 5. The court held that Petitioner's coercion claim, too, was barred by § 440.10(2)(c) for the same reason. *Id.* at 5. Additionally, the court held that this claim lacked merit. *Id.* at 11. Finally, for Petitioner's claim that he received an illegal sentence, the court held that the imposed sentence was valid "for an A-I felony pursuant to Penal Law § 70.00 (2)(a) and (3)(a)(i)." *Id.* at 15. Subsequently, the Appellate Division, Second Department, denied leave on August 1, 2006. *People v. Barnes*, Motion No. 2006-05459, 2006 NY Slip. Op. 73029 (2d Dep't Aug. 1, 2006).

On June 6, 2008, almost two years later, Petitioner filed the instant action seeking a writ of habeas corpus. (Pet. at 1.) He asserted the same claims contained in his earlier motion to vacate: (1) he was not advised of his right to appeal, (2) he pled guilty without understanding the charges, (3) he was coerced by his counsel and the court to plead guilty, and (4) he received ineffective counsel in violation of his due process rights. (Pet. at 4-5.) In its opposition, Respondent argues that the petition is barred under the Antiterrorism and Effective Death

3

Penalty Act of 1996 ("AEDPA") statute of limitations. (Opp'n Br. at 2.) Respondent also asserts that the claims are meritless. (Opp'n Br. at 6.) In his reply, Petitioner concedes that his petition is untimely, but asks this court to equitably toll the AEDPA statute of limitations. (Reply Br. at 1.)

## DISCUSSION

The AEDPA sets forth a one-year limitations period that begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

In the instant action, the only applicable subsection of the AEDPA statute of limitations is subsection (A).[2] Petitioner's conviction became final on May 2, 2003—thirty days after his April 2, 2003 sentencing date—as he took no appellate action at that time. *See* N.Y. Crim. Proc. Law § 460.10(1). Two years later, Petitioner filed his motion to vacate, which was resolved on March 29, 2006. (Reply Aff. at 2.) The filing of such collateral appeals in state courts does not restart the AEDPA statute of limitations. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curium). Moreover, Petitioner did not file the instant action until almost two years after his

---

[2] There is no evidence, nor does Petitioner claim, that any of the other subsections of 28 U.S.C. § 2244 (d)(1) apply.

4

collateral appeal was resolved. (Pet. at 1.) Thus, the petition is late by more than four years. Accordingly, the court must deny the petition as untimely, unless Petitioner can establish that he is entitled to equitable tolling.

Equitable tolling is appropriate only when a petitioner makes a showing of "rare and exceptional circumstances" which prevented the petitioner from filing a timely petition. *Smith*, 208 F.3d at 17. "In addition, the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Id*. at 17-18 (holding that neither *pro se* status nor the time spent exhausting state remedies "trigger equitable tolling"). A petitioner must establish a causal relationship between the extraordinary circumstances and the "lateness of his filing." *Hizbullahhankhamon v. Walker*, 255 F.3d 65, 75-76 (2d Cir. 2001). That is, a petitioner must show that he or she acted with reasonable diligence and but for extraordinary circumstances would have filed in a timely manner. *See id.* (holding that time spent in solitary confinement did not warrant equitable tolling absent reasonable diligence during time outside confinement) (citation and quotation marks omitted).

Petitioner has failed to assert facts that warrant equitable tolling. The gist of Petitioner's argument is that the court should equitably toll his petition due to his young age at the time of his conviction, his status as a first-time offender, his unfamiliarity with law, in general, and the complexities of the AEDPA statute. (Reply Br. at 1-2.) Age and first-time offender status provide no grounds for equitable tolling. Further, it is well settled that ignorance or misunderstanding of the law, without more, does not warrant equitable tolling. *See Plasencia v. Barkley*, No. 05-CV-1722 (SLT), 2008 WL 4185879, at *4 (E.D.N.Y. Sept. 9, 2008) (citing *Smith*, 208 F.3d at 18); *Fennel v. Artuz*, 14 F. Supp. 2d 374, 377 (S.D.N.Y. 1998) (holding that "being uneducated and not familiar with legal research and legal procedures" does not merit any

weight in excusing the AEDPA's statute of limitations). Even if the court were to accept these circumstances as warranting equitable tolling, Petitioner failed to establish both reasonable diligence throughout the necessary period and a causal connection between these circumstances and his failure to timely file. He has provided no excuse for the more than four-year delay in filing and, as such, is not entitled to equitable tolling.

The petition is clearly untimely, thus, the court need not address the merits. In any event, the court reviewed the claims and finds that they lack merit. With respect to Petitioner's claim that the crime to which he pled guilty—attempted felony murder in the first degree—does not exist under New York law, this claim lacks merit. There are two felony murder provisions in New York: (1) intentional felony murder in the first degree, § 125.27(1)(a)[vii], and (2) traditional felony murder in the second degree, § 125.25[3].[3] *People v. Miller*, 6 N.Y.3d 295, 300 (2006). Intentional felony murder is "felony murder based on an intentional killing." *Id.* at 301. Traditional felony murder occurs when a defendant commits any one of several enumerated felonies and the victim or a third-party dies as a proximate cause of the underlying felony. The has carefully reviewed the record below. The facts and circumstances of this case indicate that he had the intent to kill the victim during the course of a gunpoint carjacking and was unsuccessful. As such, the court properly sentenced him as a Class A-1 felony offender.

---

[3] Under New York law, murder in the first degree and murder in the second degree are both Class A felonies and thus carry indeterminate sentences up to life imprisonment. N.Y. Penal Law §§ 70.00 (2)(a), 110.05(1). However, while attempted murder in the first degree remains a Class A felony, attempted murder in the second degree is a Class B felony subject to determinate sentences, capped at 25 years. N.Y. Penal Law §§ 70.00 (2)(b), 110.05(3).

## CONCLUSION

For the reasons set forth above, the petition for a writ of habeas corpus is denied. Petitioner is further denied a certificate of appealability as he fails to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED

DATED:	Brooklyn, New York
	March 27, 2009

_____/s/_____
DORA L. IRIZARRY
United States District Judge